## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANCA ADAMS, *individually and on behalf of all others similarly situated*, | ) ) ) | C.A. No. 1:22-CV-11309(AK) |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | |
| AMERICA'S TEST KITCHEN, LP, *et al.* | ) ) ) | |
| *Defendants*. | ) ) | |

### FINAL APPROVAL ORDER AND JUDGMENT

This matter is before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for Award of Attorneys' Fees, Litigation Costs, and Service Award. *See* Dkt. Nos. 63-67. These related motions reference and incorporate a proposed Settlement Agreement (the "Settlement" or "Settlement Agreement") (Dkt. No. 56-1) that sets forth the terms and conditions for the settlement of claims, on a class-wide basis, against Defendants America's Test Kitchen, LP and America's Test Kitchen, Inc.[1] ("Defendants," and collectively with Plaintiff, the "Parties").

Having carefully considered the motions and the Settlement, and all of the files, records, and proceedings herein, including arguments set forth at the Final Approval Hearing on the Settlement, and finding good cause,

**THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1.     This Final Approval Order and Judgment ("Order") incorporates by reference the definitions in the Settlement Agreement, all terms defined therein shall have the same meaning in

---

[1] Defendant Jackie Ford was previously dismissed with prejudice.

this Order as set forth in the Settlement Agreement (Dkt. No. 56-1). Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this action ("Action") and personal jurisdiction over all Parties and all members of the Settlement Class described below.

3.      There were no objections to the Settlement Agreement or to Plaintiffs' Motion for Award of Attorneys' Fees, Litigation Costs, and Service Award.

### Certification of the Settlement Class

4.      Under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, and solely for purposes of judgment on the proposed Settlement Agreement, the Court certifies the following injunctive relief-only Settlement Class[2]:

> all individuals residing in the United States who were Facebook account holders and subscribers to Defendants' digital services during the Class Period [July 13, 2020 to and through the date of Final Approval on March 11, 2024], and who requested or obtained any videos on any America's Test Kitchen website while an active Facebook account holder during the Class Period.

5.      Excluded from the Settlement Class are (1) any judge presiding over this Action and members of their families; (2) Defendants, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees.

6.      The Court finds that the requirements of Rules 23(a) are satisfied for the following reasons: (1) Numerosity: the Settlement Class is so numerous that joinder of all members is impracticable; (2) Commonality: there are questions of law and fact common to members of the Settlement Class that predominate over questions affecting only individual members (*e.g.*, whether

---

[2] Per the terms of the Settlement Agreement, Settlement Class Members do NOT release their claims for damages or other monetary relief. *See* Doc No. 56-1 at ¶ 1.18.

Defendant unlawfully disclosed to third parties Plaintiff's and Settlement Class Members' personally identifiable information without consent in a manner that violated VPPA); (3) <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Settlement Class; and (4) <u>Adequacy</u>: Plaintiff and his counsel have and will continue to fairly and adequately protect the interests of the Settlement Class.

7.      The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(2), because "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). This is because the injunctive relief set forth in the Settlement Agreement will resolve the alleged violations and offer appropriate relief to the entire Settlement Class.

**<u>Final Approval of the Settlement Agreement and Notice Plan</u>**

8.      The Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval pursuant to Fed. R. Civ. P. 23, including whether:

(A)     The Class Representative and Class Counsel have adequately represented the Settlement Class;

(B)     The Settlement was negotiated at arm's length;

(C)     The relief provided for the Settlement Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the terms of any proposed award of attorneys' fees and costs, and Class Representative service award, including the timing of payment and any justification for the awards; and (iii) any agreement required to be identified under Rule 23(e)(3); and

(D)     The Settlement treats Settlement Class Members equitably relative to each other.

9.      The Court has also considered other factors relevant to class settlement approval (*see, e.g., Walsh v. Popular, Inc.*, 839 F. Supp. 2d 476, 480 (D.P.R. 2012); *In re Lupron(R) Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 93 (D. Mass. 2005)), including the (1) risk, complexity, expense and duration of the case; (2) comparison of the proposed settlement with the likely result of continued litigation; (3) reaction of the class to the settlement; (4) stage of the litigation and the amount of discovery completed; and (5) quality of counsel and conduct during litigation and settlement negotiations.

10.     Having considered the terms of the Settlement and the record before it, the Court finds that the Class Representative and Class Counsel have adequately represented the interests of Settlement Class Members; the settlement consideration provided under the Settlement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties; the Settlement is the result of arm's-length negotiations by experienced, well-qualified counsel that included a mediation conducted by respected mediator the Honorable Patrick King; the Settlement provides meaningful non-monetary benefits to Settlement Class Members and such benefits are not disproportionate to the attorneys' fees and expenses sought by Class Counsel; the benefits provided treat Settlement Class Members equitably; and the Settlement is reasonable and appropriate under the circumstances of this Action, including the risks, complexity, expense and duration of the Action, Defendant's financial condition, and the reaction of the Settlement Class. The Court further finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

11.     The Court finds that the Notice Program, as set forth in Section 4 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order (Dkt. 62) satisfies the

requirements of Federal Rule of Civil Procedure 23(c), is reasonable and provided due, adequate, and sufficient notice of the Settlement to Settlement Class Members.

12.     The Court hereby reaffirms its appointment of Kroll Settlement Administration to perform the functions and duties of the Settlement Administrator set forth in the Settlement and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement. Accordingly, Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with its terms and provisions.

13.     No objections (timely or otherwise) were filed with the Court in accordance with the requirements set forth in paragraphs 14-17 of this Court's Preliminary Approval Order. *See* Dkt. 62.

14.     The Court hereby approves the Settlement in all respects and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

### Attorneys' Fees, Litigation Costs and Service Award

15.     The Court also has considered Plaintiff's and Class Counsel's Motion for Attorneys' Fees, Litigation Costs, and Service Award, as well as the supporting memorandum of law and declarations. No member of the Settlement Class objected to any of the requests in this motion. The Court adjudges that the requested payment of attorneys' fees of $300,000 and payment of $7,092.08 in reimbursement of costs are reasonable. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16.     The Court further finds that the requested Service Award to the Class Representative is fair and reasonable. As such, the Court approves a Service Award to the Class

Representative in the amount of $2,500, to be paid in the manner and at the times set forth in the Settlement Agreement.

### Dismissal and Final Judgment

17.     The Action is hereby dismissed with prejudice, with each party to bear its own costs.

18.     The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

19.     Upon the Effective Date and by operation of this Order and Final Judgment, the Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. Released Claims do not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the settlement contained in this Settlement Agreement.

20.     Released Claims do not include claims for damages or other monetary relief.

21.     The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents so long as they are consistent in all material respects with this Order and do not limit the rights of Settlement Class Members.

22.     The Court shall retain exclusive, continuing, jurisdiction after the entry of this Order with respect to the implementation and enforcement of the Settlement Agreement and this Order.

23.     In the event that this Order is reversed on appeal or otherwise does not become Final this Order shall be rendered null and void and shall be vacated *nunc pro tunc* and the Action shall proceed as if no settlement had occurred and as otherwise provided for in the Settlement Agreement.

24.     This Court hereby directs entry of this Order and Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.  The Clerk of the Court shall close the file in this matter.

**IT IS SO ORDERED.**

DATED:  June 21, 2024

Honorable Angel Kelley
United States District Judge